**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **Patricia Anyanwu** § | |
| § | |
| *Plaintiff* § | |
| § | |
| v.  § | CIVIL NO.:  4:17-cv-2722 |
| § | |
| **Ascension Health** § | |
| § | |
| *Defendant* § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Patricia Anyanwu, Plaintiff herein, complaining of Ascension Health, Defendant, and for cause of action would show:

1. Plaintiff, Patricia Anyanwu, is a resident of Grand Prairie, TX, 75054, County of Tarrant, Texas.

2. Defendant, Ascension Health, (hereinafter referred to as "Ascension") is an insurance corporation duly and legally formed under the laws of Missouri, which does business in the State of Missouri and may be served with citation herein by serving Ascension Health as registered agent, at 4600 Edmundson Road, St. Louis, MO 63134.

3. Jurisdiction is appropriate in this court as the matter in controversy arises under federal statutes. Plaintiff is entitled to recover under the civil enforcement

provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically including 29 U.S.C. § 1132 (a)(1)(B) and 29 U.S.C. § 1133. Plaintiff would show that she is a participant in or beneficiary of an employee welfare benefit plan, which includes a Long-Term Disability Plan maintained by Ascension. Plaintiff brings this action to recover past benefits, to enforce her rights under the terms of the plan, to clarify her right to future benefits under the terms of the plan, and to obtain other appropriate equitable relief.

4. Plaintiff was an employee of Ascension Information Services on July 15, 2015 when she became disabled. Plaintiff has been determined to be Totally Disabled by the Social Security Administration under its standards. At the time she became disabled, Plaintiff was a beneficiary of a Long-Term Disability Plan, issued by Ascension Health.

5. Plaintiff properly submitted a claim to Ascension Health identified as claim number 000072067X0-0001 which was initially approved, but thereafter denied on July 15, 2016. Plaintiff then properly appealed to the designated fiduciary of the plan but Plaintiff's appeal was denied on May 19, 2017.

6. Plaintiff obtained a SPECT scan of her brain on October 23, 2017 which pursuant to a report dated October 30, 2017, documented abnormalities in the brain consistent with traumatic brain injury. The results of this scan were provided to the Defendant on November 6, 2017. The Defendant notified Plaintiff's counsel

2

    that it would review the results and wanted to know if there was any additional information that should be reviewed. The Defendant was informed that Plaintiff would be seeing her treating doctors to discuss these results in appointments set for November 21st and 29th of 2017.   The Long-Term Disability Plan establishes a limitations date of "six (6) months after the date of the Claims Administrator's final decision on appeal." Plaintiff's counsel noted to Defendant that the dates of these appointment are not within her control and would be more than six months beyond the Claims Administrator's May 19, 2017 denial letter and that Plaintiff would be forced to file suit unless Defendant would consider its current review of the SPECT scan and it decision following this review as its final decision on Plaintiff's appeal, instead of its May 19, 2017 denial of her claim. On November 15, 2017, Defendant's adjuster contacted Plaintiff's counsel's office to advise Plaintiff that the Defendant had reviewed the scan, continues to deny the claim and that its May 19, 2017 letter remains its final decision on the matter.

7. Plaintiff has exhausted all required administrative remedies available to her under the plan.   All conditions precedent to this cause of action have been met or have occurred.

8. Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the benefits she has been denied, clarification of her right to receive

future benefits under the policy, attorney's fees and expenses incurred herein and other appropriate equitable relief.

WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, she have judgment against Defendant for her damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of her right to receive future benefits under the Plan, to which she may show herself justly entitled under the attending facts and circumstances.

                                          Respectfully submitted,

                                          Bemis, Roach & Reed
                                          4100 Duval Rd.,
                                          Bldg. 1, Ste. 200
                                          Austin, Texas   78759
                                          (512) 454-4000
                                          (512) 453-6335 (facsimile)
                                          lonnie@brrlaw.com


               By:      /s/ Lloyd Bemis
                        LLOYD E. BEMIS III
                        Texas Bar No. 021131555